UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-860(DSD/JJG)

Brooke Nicole Bass,

                Plaintiff,

v.                                                                    **ORDER**

Anoka County; Benton County;
Blue Earth County; Carver County;
Chisago County; Clay County; Cook
County; Crow Wing County; Dakota
County; Dodge County; Goodhue
County; Hennepin County; Houston
County; Kandiyohi County; Lyon
County; McLeod County; Morrison
County; Murray County; Pipestone
County; Ramsey County; Rice County;
Scott County; Sherburne County;
Stearns County; Washington County;
Wright County; City of Alexandria;
City of Anoka; City of Apple Valley;
City of Appleton; City of Becker;
City of Bemidji; City of Big Lake;
City of Blaine; City of Bloomington;
City of Brooklyn Center; City of
Brooklyn Park; City of Burnsville;
City of Champlin; City of Cottage
Grove; City of Crystal; City of
Dayton; City of Eagan; City of Elk
River; City of Elko New Market;
City of Fairmont; City of Faribault;
City of Farmington; City of Forest Lake;
City of Fridley; City of Gaylord;
City of Hopkins; City of Inver Grove
Heights; City of Jackson; City of Jordan;
City of Kasson; City of Maple Grove;
City of Maplewood; City of Marshall;
City of Medina; City of Minneapolis;
City of Minnetonka; City of Minnetrista;
City of Moorhead; City of Morris;
City of Mounds View; City of New Hope;
City of New Ulm; City of North Mankato;
City of North St. Paul; City of Oakdale,
City of Osseo, City of Plymouth; City of
Princeton; City of Prior Lake; City of
Ramsey; City of Richfield; City of
Robbinsdale; City of Rosemount; City

of Roseville; City of Sartell; City
of Savage; City of Shakopee; City
of Slayton; City of Sleepy Eye;
City of Spring Lake Park; City of
St. Anthony; City of St. Cloud;
City of St. Francis; City of St.
Joseph; City of St. Louis Park;
City of Stillwater; City of Two
Harbors; City of Wayzata; City
of West Saint Paul; City of Winona;
Michael Campion, acting in his
individual capacity as Commissioner
of the Minnesota Department of
Public Safety; Mona Dohman, acting
in her individual capacity as
Commissioner of the Minnesota
Department of Public Safety; John
and Jane Does (1-500) acting in
their individual capacity as
supervisors, officers, deputies,
staff, investigators, employees or
agents of the other named
law-enforcement agencies; Department
of Public Safety Does (1-30) acting in
their individual capacity as officers,
supervisors, staff, employees, independent
contractors or agents of the Minnesota
Department of Public Safety; and
Entity Does (1-50) including cities,
counties, municipalities, and other
entities sited in Minnesota and federal
departments and agencies,

                Defendants.


     Kenneth H. Fukuda, Esq., Lorenz F. Fett, Jr., Mark H.
     Zitzewitz, Esq., Sonia L. Miller-VanOort, Esq., Jonathan
     A. Strauss, Esq. and Sapientia Law Group PLLC, 12 South
     Sixth Street, Suite 1242, Minneapolis, MN 55402, counsel
     for plaintiff.

     Bryan D. Frantz, Esq. Anoka County Attorney's Office,
     2100 Third Avenue, Anoka, MN 55303; Andrea G. White,
     Esq., Dakota County Attorney's Office, 1560 Highway 55,
     Hastings, MN 55033; Beth A. Stack, Esq., Toni A. Beitz,
     Esq. and Hennepin County Attorney's Office, 300 South
     Sixth Street, Suite C-2000, Minneapolis, MN 55487; Andrea
     K. Naef, Esq., Kristin R. Sarff, Esq. and Minneapolis

                          2

City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415; Kimberly R. Parker, Esq., Robert B. Roche, Esq. and Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101; Joseph E. Flynn, Esq., Jamie L. Guderian, Esq. and Jardine, Logan & O'Brien, PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042; Susan M. Tindal, Esq., Jon K. Iverson, Esq. and Iverson, Reuvers, Condon, 9321 Ensign Avenue South, Bloomington, MN 55438; John S. Garry, Esq., John R. Mule, Esq., Oliver J. Larson, Esq. and Minnesota Attorney General's Office, Suite 1100, 445 Minnesota Street, St. Paul, MN 55101, Attorneys for defendants.

This matter is before the court upon defendants' motions to dismiss and motions for judgment on the pleadings.[1]   Hennepin

---

[1] Defendants include Anoka County, Benton County, Blue Earth County, Carver County, Chisago County, Clay County, Cook County, Crow Wing County, Dakota County, Dodge County, Goodhue County, Hennepin County, Houston County, Kandiyohi County, Lyon County, McLeod County, Morrison County, Murray County, Pipestone County, Ramsey County, Rice County, Scott County, Sherburne County, Stearns County, Washington County and Wright County (collectively, County Defendants); City of Alexandria, City of Anoka, City of Apple Valley, City of Appleton, City of Becker, City of Bemidji, City of Big Lake, City of Blaine, City of Bloomington, City of Brooklyn Center, City of Brooklyn Park, City of Burnsville, City of Champlin, City of Cottage Grove, City of Crystal, City of Dayton, City of Eagan, City of Elk River, City of Elko New Market, City of Fairmont, City of Faribault, City of Farmington, City of Forest Lake, City of Fridley, City of Gaylord, City of Hopkins, City of Inver Grove Heights, City of Jackson, City of Jordan, City of Kasson, City of Maple Grove, City of Maplewood, City of Marshall, City of Medina, City of Minnetonka, City of Minnetrista, City of Moorhead, City of Morris, City of Mounds View, City of New Hope, City of New Ulm, City of North Mankato, City of North St. Paul, City of Oakdale, City of Osseo, City of Plymouth, City of Princeton, City of Prior Lake, City of Ramsey, City of Richfield, City of Robbinsdale, City of Rosemount, City of Roseville, City of Sartell, City of Savage, City of Shakopee, City of Slayton, City of Sleepy Eye, City of Spring Lake Park, City of St. Anthony, City of St. Cloud, City of St. Francis, City of St. Joseph, City of St.
(continued...)

County also moves to sever the claims against it.  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions to dismiss and the motions for judgment on the pleadings and denies as moot the motion to sever.

## BACKGROUND

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Brooke Nicole Bass between 2005 and 2012.  Compl. ¶ 260.  Bass asserts claims against numerous counties and cities, as well as against the current and former commissioners of the Minnesota Department of Public Safety (DPS).

DPS makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle Services (DVS) database.  Id. ¶ 128.  In 2013, Bass requested an audit of her DVS motor vehicle record from DPS.  Id. ¶ 3; see id. Ex. A.  The audit showed that the record had been accessed hundreds of times from facilities maintained by defendant counties and

_____

(...continued)
Louis Park, City of Stillwater, City of Two Harbors, City of Wayzata, City of West St. Paul and City of Winona (collectively, City Defendants); City of Minneapolis; Michael Campion, acting in his individual capacity as Commissioner of the Minnesota Department of Public Safety and Mona Dohman, acting in her individual capacity as Commissioner of the Minnesota Department of Public Safety (collectively, Commissioner Defendants); and unknown persons, in their individual capacities as law enforcement and DPS personnel, and unknown entities (collectively, Unknown Defendants).

cities.  <u>See</u> Compl. ¶ 371.  The record included her address, photograph, date of birth, weight, height, eye color and driver identification number.  <u>Id.</u> ¶ 227.  Each City and County Defendant accessed the record between one and seventy-four times.  <u>See</u> <u>id.</u> Ex. A.  Bass alleges that there was no legitimate purpose for each access, and that the Commissioner Defendants "knowingly disclosed [her] ... [p]rivate [d]ata and violated state policy by devising and implementing ... the DVS Database."  Compl. ¶ 240.

On April 12, 2013, Bass filed suit, alleging claims (1) under the Driver's Privacy Protection Act (DPPA), (2) under 42 U.S.C. § 1983 and (3) for invasion of privacy.  The Commissioners, County and City Defendants each move to dismiss or for judgment on the pleadings.[2]  Hennepin County also moves to sever.

## DISCUSSION

### I.  Standard of Review

The same standard governs a motion to dismiss for failure to state a claim under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c).  <u>See</u> <u>Clemons v. Crawford</u>, 585 F.3d 1119, 1124 (8th Cir. 2009).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[2] The City of Minneapolis is the sole defendant that does not move to dismiss or for judgment on the pleadings.

is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II. DPPA Claims

Bass first asserts a claim against all defendants for violations of the DPPA. The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information,[3] from a motor vehicle record, for any use not permitted under section 2721(b)[4] of this title." 18 U.S.C. § 2722.

---

[3] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver identification number, name, address ..., telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

[4] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of
(continued...)

Under the DPPA, any "person[5] who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." Id. § 2724(a). Bass alleges that all defendants either obtained or disclosed her information without a permitted purpose.

### A.   Statute of Limitations

Defendants first argue that some of the DPPA claims are time-barred. Because the DPPA does not contain a statute of limitations, the general four-year federal statute of limitations applies. See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be commenced later than 4 years after the cause of action accrues."). The parties dispute, however, when a DPPA cause of action accrues. Defendants argue that the court should adopt "[t]he general rule concerning statutes of limitation[, which] is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Ridenour v. Boehringer

_____

(...continued)
legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities and bulk distribution of surveys and marketing materials. 18 U.S.C. § 2721(b).

   [5] A "person" includes "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2).

Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012) (first alteration in original) (citations and internal quotation marks omitted). Bass responds that the "discovery rule" applies, and that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." Id. (citations omitted).

Although the Eighth Circuit is silent on when a DPPA cause of action accrues, courts in this district hold that the general accrual rule applies to the DPPA. See, e.g., Rasmusson v. Chisago Cnty., No. 12-632, 2014 WL 107067, at *12 (D. Minn. Jan. 10, 2014); Kost v. Hunt, No. 13-583, 2013 WL 6048921, at *8 (D. Minn. Nov. 15, 2013). In Kost, Judge Ericksen considered relevant precedent as well as textual, historical and equitable arguments before applying the general accrual rule to DPPA claims. 2013 WL 6048921, at *5-8. The court finds Kost persuasive and adopts its reasoning in applying the general accrual rule.[6] As a result, all claims

---

[6] Bass also argues that, even if the general accrual rule otherwise applies, the court should apply the discovery rule because defendants fraudulently concealed their activities. In some situations, "fraudulent concealment of information material to a non-fraud claim will toll a limitations period." Abbotts v. Campbell, 551 F.3d 802, 805-06 (8th Cir. 2008) (citation omitted). However, "[u]nder Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (second alteration in original) (citation and internal quotation marks omitted). Here, Bass has not pleaded fraudulent concealment, let alone pleaded it with the requisite particularity. As a result, the allegations of fraudulent concealment are not properly before

(continued...)

relating to conduct before April 12, 2009 — four years before the present action was commenced — are time-barred, and dismissal of those claims is warranted.

### B.   Claims Against Commissioners

As to the timely claims, Bass first alleges DPPA claims against the Commissioner Defendants.   Bass does not allege, however, that the Commissioner Defendants personally obtained the record or personally communicated such information to others. Rather, Bass alleges that the Commissioner Defendants created, maintained and inadequately monitored the DVS database, thereby facilitating others' improper access to the record.

To be liable under the DPPA, however, "the Commissioners *themselves* must have acted with ... a[n impermissible] purpose." Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *3 (D. Minn. Nov. 1, 2013) (emphasis in original).   In other words, the DPPA does not impose liability on one who indirectly facilitates *another's* access of a motor vehicle record by maintaining an electronic database. See id.; see also Kiminski v. Hunt, Nos. 13-185, 13-208, 13-286, 13-358, 13-389, 2013 WL 6872425, at *9 (D. Minn. Sept. 20, 2013) ("But the provision[s of the DPPA] may not be stretched to the point of rewriting .... so [that the statute] reaches others at a state agency who gave the officer database access for a legitimate

_____

(...continued)
the court, and this argument is unavailing.

purpose, merely because they did so in a negligent manner."). Here, Bass has not pleaded that the Commissioner Defendants acted with an impermissible purpose.  Moreover, unlike other statutes, the DPPA does not expressly create a private right of action for mismanagement of records, and the court declines to recognize one here.  See Kiminski, 2013 WL 6872425, at *9 (observing that, unlike the DPPA, the Internal Revenue Code explicitly allows private damages claims for negligent disclosures of confidential information).  As a result, dismissal as to the timely DPPA claims against the Commissioner Defendants is warranted.

### C.   Claims Against Cities and Counties

As to the remaining claims, Bass alleges that the City and County Defendants accessed her motor vehicle record "for a purpose not permitted under the DPPA."  Compl. ¶ 313.  Defendants respond that such allegations are insufficient to state a claim under Iqbal and Twombly.  The court agrees.

Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose.  See Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 2191 (2013); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011); Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1113-14 (11th Cir. 2008).  Here, Bass baldly states that "[n]one of the [i]ndividual [d]efendants'

activities fell within the DPPA's permitted exceptions for procurement of Bass's information." Compl. ¶ 314. Bass thus asks the court to speculate and conclude — solely from the number of times defendants allegedly accessed the record — that the purposes of law enforcement personnel were impermissible. As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. <u>Iqbal</u>, 129 S. Ct. at 1949 (citation and internal quotation marks omitted). Although at this stage in the proceedings, Bass is entitled to the benefit of all reasonable inferences, "a reasonable inference is one which may be drawn from the evidence *without resort to speculation*." <u>Kinserlow v. CMI Corp.</u>, 217 F.3d 1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." <u>United States v. Chem. Found., Inc.</u>, 272 U.S. 1, 14-15 (1926) (citations omitted), <u>cited with approval in Wilburn v. Astrue</u>, 626 F.3d 999, 1003-04 (8th Cir. 2010); <u>cf. United States v. Eklund</u>, 733 F.2d 1287, 1294 (8th Cir. 1984) (noting that the court was "unwilling to infer improper motivation" of government officials given the presumption of regularity). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government

entities and agents in accessing motor vehicle records. See Kost, 2013 WL 6048921, at *11-12. As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper. See Lancaster v. City of Pleasanton, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements). Therefore, Bass has not adequately pleaded the DPPA claims under Twombly and Iqbal, and dismissal of the remaining timely DPPA claims is warranted.

## III.  Section 1983 Claims

Bass next alleges § 1983 claims, arguing that defendants violated her Fourth and Fourteenth Amendment rights by accessing her information or allowing others to do so. Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law. Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005). Section 1983 is not an independent source of rights, and a complaint must allege a deprivation of a specific right, privilege or immunity. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Defendants argue that they did not violate any constitutional or statutory right.

### A.    Constitutional Claims

Bass alleges that defendants violated her constitutional right to privacy and her constitutional right to be free from

12

unreasonable search, and that the City Defendants are vicariously liable for the unconstitutional acts of their employees.

### 1.   Right to Privacy

Bass alleges that defendants violated her Fourth Amendment right to privacy.[7]   "[T]o violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation ..., or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." Van Zee v. Hanson, 630 F.3d 1126, 1128 (8th Cir. 2011) (alterations in original) (citation and internal quotation marks omitted).   A constitutional privacy claim "depends upon whether the plaintiff had a reasonable expectation of privacy in the information." Id. at 1129 (citation and internal quotation marks omitted).   This standard is "a high bar ... [such] that many disclosures, regardless of their nature, will not reach the level of a constitutional violation." Cooksey v. Boyer, 289 F.3d 513, 516 (8th Cir. 2002).

Here, the mere fact that the data about Bass allegedly accessed by defendants was personal information does not render it private information subject to constitutional protection.   An expectation of privacy is reasonable where there is "both an actual subjective expectation and, even more importantly ... that

---

[7]   "The Fourth Amendment applies to the states through the Fourteenth Amendment." Barrett v. Claycomb, 705 F.3d 315, 321 n.3 (8th Cir. 2013) (citation omitted).

expectation must be one which society will accept as reasonable."
McDonell v. Hunter, 809 F.2d 1302, 1306 (8th Cir. 1987) (citations
omitted).

Bass alleges that defendants accessed data including her
address, photograph, date of birth, weight, height, eye color and
driver identification number. Even if Bass had a subjective
expectation of privacy in this information, such an expectation is
not one that is objectively reasonable. Indeed, such information
is not uniquely available from the DVS database. See Condon v.
Reno, 155 F.3d 453, 465 (4th Cir. 1998) ("[T]he identical
information can be obtained from public property tax records ...
[and] there is a long history in the United States of treating
motor vehicle records as public records." (citations omitted)),
rev'd on other grounds sub nom. Reno v. Condon, 120 S. Ct. 666
(2000). A driver's license contains such information precisely
for, among other purposes, identifying oneself to others, cashing
checks, using credit cards, boarding airplanes or purchasing age-
restricted products. See Nelson, 2013 WL 5888235, at *5.

Moreover, contexts involving public regulation necessarily
require reduced expectations of privacy. See id. ("[P]ervasive
schemes of regulation, like vehicle licensing, must necessarily
lead to reduced expectations of privacy." (citation and internal
quotation marks omitted)). Further, drivers routinely share such
information with government actors for purposes of vehicle

14

licensing and registration, and "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." <u>Smith v. Maryland</u>, 442 U.S. 735, 743-44 (1979) (citations omitted). Where, as here, an individual voluntarily discloses information for limited purposes, such information is not subject to Fourth Amendment protection. <u>Cf.</u> <u>United States v. Miller</u>, 425 U.S. 435, 443 (1976) ("[T]he Fourth Amendment does not prohibit the obtaining of information ... conveyed ... to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose ....").

Finally, Congress expressly recognized numerous situations in which the information contained in motor vehicle records may be lawfully accessed. <u>See</u> 18 U.S.C. § 2721(b). Given these exceptions, the information in the DVS database is not subject to a reasonable expectation of privacy once communicated to DPS. In sum, any expectation of privacy Bass had in the information defendants allegedly accessed is not one society recognizes as reasonable. As a result, there is no constitutional right to privacy in the information allegedly accessed, and dismissal is warranted.

### 2. Right to Freedom from Unreasonable Search

Bass next alleges that, by accessing the record, defendants violated her Fourth Amendment right to be free from unreasonable search. Bass, however, lacks standing to argue that the alleged

access of the record violated her Fourth Amendment rights. "Fourth Amendment rights are personal and may not be asserted vicariously." United States v. Green, 275 F.3d 694, 698 (8th Cir. 2001) (citation omitted). That is, an individual must have a sufficient personal interest in the object of a search or seizure in order to trigger Fourth Amendment rights. See United States v. Kelly, 529 F.2d 1365, 1369 (8th Cir. 1976). Here, the record containing information about Bass belongs not to her, but to DPS. Cf. United States v. Wilson, 806 F.2d 171 (8th Cir. 1986) (finding no standing to challenge admission of bank records because "materials were bank records rather than defendant's private papers" (citation omitted)). As a result, Bass does not have standing to assert a Fourth Amendment claim based on access of the DVS database. For this reason alone, dismissal is warranted.

Even if Bass had standing, however, defendants argue that accessing a motor vehicle record is not a search under the Fourth Amendment. The court agrees. An intrusion is a search for Fourth Amendment purposes only "if it violates a person's reasonable expectation of privacy," Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *5 (D. Minn. Nov. 1, 2013) (citation and internal quotation marks omitted). As already explained, Bass did not have a reasonable expectation of privacy in the information contained in the motor vehicle record. See Rasmusson v. Chisago Cnty., No. 12-632, 2014 WL 107067, at *7-8 (D. Minn. Jan. 10, 2014). Thus, any

16

access of Bass's record was not a search under the Fourth Amendment. For this additional reason, dismissal is warranted.

### 3.   Municipal Liability

Bass next argues that the City Defendants are liable for the acts of unknown defendants who accessed her information. "[A] municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). A municipality, however, may not be held liable for its officers' actions unless the officers are "found liable on the underlying substantive claim." Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994) (citations omitted), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008). As already explained, all constitutional claims against the individual defendants fail. As a result, dismissal of the municipal liability claims against the City Defendants is warranted.

### B.   Statutory Claims

Bass next argues that defendants' alleged violations of the DPPA are enforceable through 42 U.S.C. § 1983.[8] "Standing alone,

_____

[8] Courts have broadly construed § 1983 as providing a remedy for official violations of many federally-protected rights. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 934 (1982). As a result, § 1983 may provide a cause of action for statutory, as well as
(continued...)

[§] 1983 does not establish any substantive rights .... [A]n underlying constitutional or statutory violation is a predicate to liability under [§] 1983." <u>Henley v. Brown</u>, 686 F.3d 634, 640 (8th Cir. 2012) (citation omitted).  As already explained, Bass has failed to state a claim that defendants violated the DPPA, and dismissal is warranted for this reason alone.

Defendants argue that, even if Bass could state a claim for violations of the DPPA, her § 1983 claims for statutory violations should be dismissed because the DPPA is not enforceable through § 1983.  Several courts in this district have agreed with such a position, finding that the DPPA precludes enforcement through § 1983. <u>See, e.g.</u>, <u>Rasmusson</u>, 2014 WL 107067, at *5; <u>Nelson</u>, 2013 WL 5888235, at *7; <u>Kiminski</u>, 2013 WL 6872425, at *14.

In <u>Kiminski</u>, for example, Judge Ericksen analyzed the text of the DPPA and its similarity to other statutes that preclude enforcement through § 1983 and held that "consideration of the DPPA's explicit private remedy under 18 U.S.C. § 2724 confirms that enforcement under § 1983 would be inconsistent with it."  2013 WL 6872425, at *13.  The court finds the analysis in <u>Kiminski</u> persuasive and adopts it in concluding that Congress foreclosed the

_____

(...continued)
constitutional rights violations.  <u>Grey v. Wilburn</u>, 270 F.3d 607, 611 (8th Cir. 2001).

18

enforcement of the DPPA through § 1983. As a result, Bass may not expand the spectrum of remedies available under the DPPA by enforcement through § 1983, and dismissal is warranted.

## IV. Invasion of Privacy Claim

Bass next alleges claims for invasion of privacy. Specifically, Bass argues that defendants intruded upon her seclusion. Under Minnesota law,[9] intrusion upon seclusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... if the intrusion would be highly offensive to a reasonable person." Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (alteration in original) (citation and internal quotation marks omitted). Invasion of privacy claims involve "a preliminary determination of offensiveness which must be made by the court in discerning the existence of a cause of action." Bauer v. Ford Motor Credit Co., 149 F. Supp. 2d 1106, 1109 (D. Minn. 2001) (citation and internal quotation marks omitted). "[T]he question of what kinds of conduct will be regarded as a highly offensive

_____

[9] Intrusion upon seclusion is subject to the two-year statute of limitations for torts resulting in personal injury. Hough v. Shakopee Pub. Schs., 608 F. Supp. 2d 1087, 1118 (D. Minn. 2009). Most of the alleged access occurred well before April 12, 2011 — the date two years prior to the filing of this suit. As a result, dismissal of claims pertaining to access occurring before April 12, 2011, is warranted.

19

intrusion is largely a matter of social conventions and expectations." Id. at 1110 (citations and internal quotation marks omitted).

Here, the information allegedly accessed included Bass's address, photograph, date of birth, weight, height, eye color and driver identification number. No reasonable person could find that the alleged access of such information meets the "highly offensive" threshold. The information, though personal, is not particularly sensitive or intimate in nature. Further, as already explained, individuals routinely turn over such information. Moreover, the few cases that have found actionable invasions of privacy are based on much more egregious facts than those present here. See, e.g., Swarthout v. Mut. Serv. Life Ins. Co., 632 N.W.2d 741, 745 (Minn. Ct. App. 2001) (finding invasion of privacy where defendant altered medical release form to obtain plaintiff's medical information). As a result, the claim for intrusion upon seclusion fails, and dismissal is warranted.

## V.   Severance

Finally, Hennepin County moves for severance pursuant to Rule 20. Rule 20 permits persons or entities to be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all

defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).
Rule 20 permits all "reasonably related" claims against different
parties "to be tried in a single proceeding." <u>Mosley v. Gen.
Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974). A court
assesses whether claims are reasonably related on a case-by-case
basis. <u>Id.</u>

Bass fails to satisfy the first prong of the test announced in
Rule 20. A plaintiff may not join defendants on the mere basis of
*similar* transactions — "the rule permitting joinder requires that
[a right to relief] arise from the *same* transactions." <u>Movie Sys.,
Inc. v. Abel</u>, 99 F.R.D. 129, 130 (D. Minn. 1983) (emphasis in
original). Here, the record was accessed between 2005 and 2012
from different locations spanning the state of Minnesota. Bass has
not pleaded any facts suggesting that the individual cities and
counties acted jointly to access the record or in any way
cooperated in doing so. That is, "[n]o concert of action is
alleged, nor could it be because the operative facts of each
transaction are distinct and unrelated to any other." <u>Id.</u> As a
result, the claims asserted by Bass are not "reasonably related."

In essence, Bass suggests that "because [she] was wronged in
the same way by several different individuals, the transactional
requirement of Rule 20 is met. Such a reading of Rule 20 would
improperly expand the Rule." <u>DIRECTV v. Loussaert</u>, 218 F.R.D. 639,
643 (S.D. Iowa 2003); <u>see also</u> <u>Movie Sys., Inc.</u>, 99 F.R.D. at 130

(characterizing improperly joined claims as "inappropriate wholesale litigation"). Although Bass wishes to aggregate her claims against a large number of defendants, joinder is wholly inappropriate here. Nevertheless, as already explained, the court has determined that Bass fails to state a claim against Hennepin County. As a result, the motion to sever is denied as moot.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motions to dismiss and motions for judgment on the pleadings [ECF Nos. 25, 43, 55, 59, 62, 67, 71] are granted;

2.    The motion to sever [ECF No. 55] is denied as moot.

Dated:  February 21, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court