UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-860(DSD/LIB)

Brooke Nicole Bass,

    Plaintiff,

v.                                   **ORDER**

Anoka County, et al.,

    Defendants.

This matter is before the court upon the appeal by plaintiff Brooke Nicole Bass of Magistrate Judge Leo I. Brisbois' November 21, 2016, order denying the motion for leave to amend the complaint (Order). After a review of the Order, and based on the file, record, and proceedings herein, the court denies the appeal.

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Brooke Nicole Bass. Neither party objects to the magistrate judge's recitation of the facts or procedural posture of the case. The court will therefore proceed directly to the issues presented.

The Order denied as futile Bass' motion to amend the complaint to name 57 individual defendants previously referred to as John or Jane Does, concluding that (1) any claims against such individuals are time-barred, (2) the proposed amended complaint does not relate back to the original complaint, (3) equitable tolling does not

apply, and (4) the appeal in this matter did not toll the limitations period. Bass objects only to the Order's determinations regarding the doctrines of relation back and equitable tolling.

## DISCUSSION

### I. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3).

### II. Motion to Amend

The "court should freely give leave to a party to amend its pleadings when justice so requires; however, it may properly deny a party's motion to amend its complaint when such amendment ... would be futile." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (internal citation omitted). An amendment is futile when it would not survive a motion to dismiss. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

Bass acknowledges that the proposed amendments to the complaint relate to conduct that occurred more than four years before the date of the proposed amended complaint. In other words,

absent application of the doctrines of relation back or equitable tolling, the claims are untimely and amendment would be futile.

**A.   Relation Back**

Relevant here, an amended pleading will relate back to the date of an original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted ... if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Bass argues that she has met the above criteria because inadequate knowledge of a party's identity - as was the case here - constitutes a "mistake" within the meaning of the rule. That argument has been rejected by several other judges in this district in nearly identical cases. See Taylor v. City of Amboy, No. 14-0722, 2016 WL 5417190, at *2 (D. Minn. Sept. 27, 2016); Engebretson v. Aitkin Cty., No. 14-1435, 2016 WL 5400363, at *6 (D. Minn. Sept. 26, 2016); Krekelberg v. Anoka Cty., No. 13-3562, 2016 WL 4443156, at *5 (D. Minn. Aug. 19, 2016); Potocnik v. Carlson, No. 13-2093, 2016 WL 3919950, at *3-5 (D. Minn. July 15, 2016); Heglund v. Aitkin Cty., No. 14-296, 2016 WL 3093381, at *5-6 (D. Minn. June 1, 2016). For the reasons stated in those cases and in the Order, the court follows suit and overrules Bass' objection.

**B.   Equitable Tolling**

Bass also argues that the magistrate judge erred in concluding that the doctrine of equitable tolling does not apply in these circumstances. Her argument has been uniformly rejected under materially identical facts. See Engebretson, 2016 WL 5400363, at *6; Krekelberg, 2016 WL 4443156, at *6; Potocnik, 2016 WL 3919950, at *5. There is nothing unique in this case that would warrant a different result. Therefore, for the reasons stated in the above cases and the magistrate judge's thorough and well-reasoned Order, the court overrules Bass' objection.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiff's appeal [ECF No. 157] is denied.

Dated: December 22, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court
